FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 1 4 2010

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. | 10 CR 22 D |
| | ) | | |
| Plaintiff, | ) | Ct 1: | 18 U.S.C. §§ 371 and 656 |
| | ) | | (Conspiracy to Commit |
| v. | ) | | Embezzelment by Bank Employee) |
| | ) | | |
| ERIN ADAMSON, | ) | Cts. 2 & 3: | 18 U.S.C. § 656 |
| (Counts 1, 2 and 3) | ) | | (Embezzlement by Bank |
| | ) | | Employee) |
| and | ) | | |
| | ) | | |
| AMANDA JOHNSON, | ) | | |
| (Count 1), | ) | | |
| | ) | | |
| Defendants. | ) | | |

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

## COUNT ONE

From on or about October 1, 2008, and continuing until on or about June 16, 2009, in the District of Wyoming, the Defendants, **ERIN ADAMSON and AMANDA JOHNSON**, knowingly and willfully conspired and agreed together and with each other to commit offenses against the United States, to wit, embezzle, abstract, purloin and convert to their own use monies and funds entrusted to the custody and care of Wells Fargo Bank, whose deposits were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 656.

In furtherance of the conspiracy and for the purpose of accomplishing the object of the conspiracy, the Defendants committed the following overt acts:

(1) On or about October 17, 2008, ADAMSON took approximately $10,000 from the Wells Fargo Bank vault to replace monies and funds she had previously taken from her teller drawer at Wells Fargo Bank.

(2) Between October 2008 and June 2009, JOHNSON gave ADAMSON her half of the pass code for the Wells Fargo Bank day safe.

(3) Between April 2008 and June 2009, JOHNSON took monies and funds in amounts between $1,000 and $2,000 from her teller drawer at the Wells Fargo Bank.

(4) Between April 2008 and June 2009, ADAMSON gave JOHNSON monies and funds in amounts between $1,000 and $2,000 taken from the Wells Fargo Bank day vault to replace money and funds JOHNSON had taken from her teller drawer at the Wells Fargo Bank .

(5) On or about June 11, 2009, ADAMSON entered the Wells Fargo Bank day safe again using JOHNSON's code and removed cash to replace monies and funds taken from both JOHNSON's and ADAMSON's teller drawers at the Wells Fargo Bank

(6) On or about June 11, 2009, ADAMSON gave JOHNSON $2,000 taken from the Wells Fargo Bank day safe to cover for a shortage of monies and funds in JOHNSON's teller drawer at the Wells Fargo Bank.

(7)     On or about June 11, 2009, ADAMSON took approximately $60,000 from the Wells Fargo Bank day safe to balance her teller drawer at the Wells Fargo Bank.

(8)     On or about June 15, 2009, JOHNSON and ADAMSON conducted a fraudulent buy/sell transaction to force a balance in ADAMSON's teller drawer at the Wells Fargo Bank to cover for monies and funds ADAMSON had previously taken from her teller drawer at the Wells Fargo Bank.

In violation of 18 U.S.C. § 371.

## COUNT TWO

On or about October 17, 2008, in the District of Wyoming, the Defendant, **ERIN ADAMSON,** being an employee of Wells Fargo Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, did willfully and knowingly embezzle, abstract, purloin and convert to her own use the sum of approximately $10,000.00 of the monies and funds entrusted to the custody and care of said bank, which had come into her possession by virtue of her position as a teller.

In violation of 18 U.S.C. § 656.

## COUNT THREE

On or about June 11, 2009, in the District of Wyoming, the Defendant, **ERIN ADAMSON,** being an employee of Wells Fargo Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, did willfully and knowingly embezzle, abstract, purloin and convert

to her own use the sum of approximately $60,000,00 of the monies and funds entrusted to the custody and care of said bank, which had come into her possession by virtue of her position as a teller.

In violation of 18 U.S.C. § 656.

A TRUE BILL:

FOREPERSON

CHRISTOPHER A. CROFTS
United States Attorney

## PENALTY SUMMARY

**DATE:**            January 12, 2010

**DEFENDANT NAME:**  ERIN ADAMSON

# VICTIM:           Yes

**OFFENSE AND PENALTIES**:

| | | |
|---|---|---|
| OFFENSE: | Ct: 1 | **18 U.S.C. §§ 371 and 656**<br>(Conspiracy to Commit Embezzlement by Bank Employee) |
| PENALTIES: | | 0-30 YEARS IMPRISONMENT<br>$1,000,000 FINE<br>5 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| OFFENSE: | Ct: 2-3 | **18 U.S.C. § 656**<br>(Embezzlement by Bank Employee) |
| PENALTIES: | | 0-30 YEARS IMPRISONMENT<br>$1,000,000 FINE<br>5 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| **TOTALS:** | | 0-90 YEARS IMPRISONMENT<br>$3,000,000 FINE<br>5 YEARS SUPERVISED RELEASE<br>$300 SPECIAL ASSESSMENT |

**AGENT:**  KENT SMITH /FBI            **AUSA:**  DARRELL L. FUN

**ESTIMATED TIME OF TRIAL:**            **INTERPRETER NEEDED:**

✓ five days or less                    ___ Yes
___ over five days                     ✓ No
___ other

**THE GOVERNMENT:**

___ will                               ___ The court should not grant bond
                                           because the defendant is not bondable
✓ will not                             because there are detainers from other
                                           jurisdictions

**SEEK DETENTION IN THIS CASE.**

## PENALTY SUMMARY

**DATE:**              January 12, 2010

**DEFENDANT NAME:**    AMANDA JOHNSON

# VICTIM:              Yes

**OFFENSE AND PENALTIES:**

**OFFENSE:**     **Ct: 1**    **18 U.S.C. §§ 371 and 656**
                              (Conspiracy to Commit Embezzlement by Bank Employee)

**PENALTIES:**          0-30 YEARS IMPRISONMENT
                        $1,000,000 FINE
                        5 YEARS SUPERVISED RELEASE
                        $100 SPECIAL ASSESSMENT

**TOTALS:**             0-30 YEARS IMPRISONMENT
                        $1,000,000 FINE
                        5 YEARS SUPERVISED RELEASE
                        $100 SPECIAL ASSESSMENT

**AGENT:**    KENT SMITH /FBI          **AUSA:**    DARRELL L. FUN

**ESTIMATED TIME OF TRIAL:**           **INTERPRETER NEEDED:**

✓  five days or less                   ___  Yes
___ over five days                     ✓   No
___ other

**THE GOVERNMENT:**

___ will                               ___ The court should not grant bond
                                           because the defendant is not bondable
✓  will not                                because there are detainers from other
                                           jurisdictions

**SEEK DETENTION IN THIS CASE.**